**Jeffrey M. Edelson, OSB # 880407**
JeffEdelson@MarkowitzHerbold.com
Nathan D. Burcham, OSB #182509
NathanBurcham@markowitzherbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tel:  (503) 295-3085
Fax:  (503) 323-9105

**Kelly K. Simon, OSB # 154213**
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF OREGON
PO Box 40585
Portland, OR  97240
Tel:  (503) 227-6928

**Nicholas S. Cady, OSB # 113463**
nick@cascwild.org
CASCADIA WILDLANDS
PO Box 10455
Eugene, OR  97440
Tel:  (541) 434-1463
Fax:  (541) 434-6494

**Elisabeth Holmes, OSB # 120254**
eli@willametteriverkeeper.org
WILLAMETTE RIVERKEEPER
PO Box 293
Eugene, OR  97440
Tel:  (541) 870-7722

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST CENTER FOR ALTERNATIVES TO PESTICIDES, WILLAMETTE RIVERKEEPER, CASCADIA WILDLANDS, NEIGHBORS FOR CLEAN AIR, AND 350PDX, <br><br>                      Plaintiffs, <br><br>vs. <br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS[1], | No. 3:20-cv-01816-IM <br><br>**MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS** |

---

[1] Alejandro Mayorkas succeeded Chad Wolf by confirmation on Feb. 2, 2021. Pursuant to Fed. R. Civ. Pro. 25(d) he is automatically substituted as a party to this action.

in his capacity as Secretary, U.S. Department
of Homeland Security,

Defendants.

## CERTIFICATION

Pursuant to LR 7-1(a)(1), counsel for Northwest Center for Alternatives to Pesticides,

Willamette Riverkeeper, Cascadia Wildlands, Neighbors For Clean Air, and 350PDX

("Plaintiffs") made a good faith effort through a telephonic conference to resolve the dispute and

have been unable to do so.

## MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and *Camp v. Pitts*, 411

U.S. 138, 142 (1973) and its progeny (limiting the "focal point" of judicial review to "the

administrative record already in existence, not some new record made initially in the reviewing

court"), Plaintiffs move this Court to strike Exhibit 1 (Department Policy on the Use of Force,

adopted September 7, 2018) (Dkt. 30-1) (the "Force Policy"), Exhibit 2 (Information Regarding

First Amendment Protected Activities, First Amendment Policy, date May 17, 2019) (Dkt. 30-2)

(the "First Amendment Memo"), and Exhibit 3 (Declaration of Gabriel Russell[2] dated January 6,

2021) (Dkt. 30-3) ("Russell Declaration" or "Russell Decl.") in support of Federal Defendants'

Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Memorandum in Support

(Dkt. 30) ("Defendants' Motion to Dismiss" or "Mot. to Dismiss"). Exhibits 1, 2, and 3 contain

"redundant, immaterial, impertinent, or scandalous matter" and are improper extra-record

evidence not subject to one of the four narrow exceptions for administrative record matters.

Further, to the extent any of the Exhibits would properly be part of the administrative record,

these documents are a limited piece of that record, and this Court's determinations on whether or

---

[2] The caption on Defendants' declaration inadvertently misspelled the declarant's last name; throughout this motion, Plaintiffs have used the correct spelling of "Russell."

**Page 2 -   MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION
             TO DISMISS**

not Defendants needed to comply with the National Environmental Policy Act ("NEPA") must

be based on the whole administrative record, not excerpts prejudicially selected by Defendants.

*Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993).

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

Plaintiffs respectfully move for an order striking Defendants' Ex. 1 (Force Policy), Ex. 2

(First Amendment Memo), and Ex. 3 (Russell Decl.) from the Court's consideration on

Defendants' Motion to Dismiss. This is not a constitutional case challenging free expression or

excessive force. This case is limited in scope to Defendants' statutory obligations under NEPA.

NEPA claims are reviewed under the Administrative Procedure Act ("APA"), which limits

judicial review to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029-30

(9th Cir. 2005). The Russell Declaration is not properly part of the administrative record and

plainly barred because it is a post-decisional affidavit from the agency "explaining" its decision.

*See Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto Ins. Co.,* 463

U.S. 29, 50 (1983) ("[T]he courts may not accept appellate counsel's post hoc rationalizations

for agency action. . . . It is well established that an agency's action must be upheld, if at all, on

the basis articulated by the agency itself.") (citation omitted). Exhibits 1 and 2 are immaterial to

the legal questions before the Court in Defendants' Motion to Dismiss and, in any case,

prematurely before the Court because its decision must be based on the whole administrative

record, not excerpts prejudicially selected by Defendants. *Portland Audubon Soc.*, 984 F.2d at

1548. Plaintiffs respectfully request this Court strike the Exhibits.

**A.    Procedural history and Exhibits 1, 2, and 3**

On October 10, 2020, Plaintiffs filed a Complaint alleging that Defendants failed to

conduct a NEPA analysis as required by NEPA, the APA, and Defendants' NEPA regulations.

(Dkt. 1.)  On January 8, 2021, Defendants moved this Court to dismiss Plaintiffs' claims, arguing Plaintiffs lacked standing and failed to allege sufficient facts to make a NEPA claim. (Mot. to Dismiss.)  With their Motion, Defendants submitted three Exhibits: Ex. 1 (Force Policy), Ex. 2 (First Amendment Memo), and Ex. 3 (Russell Decl.).

The Force Policy is an 11-page policy adopted on September 7, 2018. (Force Policy at 1.) The First Amendment Memo is a four-page document issued on May 17, 2019. (First Amendment Policy at 1.)  These Exhibits do not mention the use of crowd control weapons nor their impacts on human health or the environment. (Force Policy; First Amendment Memo.) These Exhibits do not discuss anything specific to Operation Diligent Valor. (Force Policy; First Amendment Memo.)  Defendants do not reference Exhibit 1 or 2 in support of any argument. (Mot. to Dismiss.)

The Russell Declaration is a six-page declaration. The Russell Declaration was heavily relied on in the eight-page background section of Defendant's Motion to Dismiss regarding "the situation in Portland" as described after Operation Diligent Valor began. (Mot. to Dismiss at 6-8.)  Thereafter, it was, only referenced in two subsequent sentences. (*Id.* at 15-16.)  The first reference comes in Defendants' first footnote and cites paragraph 14 of the Russell Declaration to contest allegations within Plaintiffs' standing declarations. (*Id.* at 15, n.1.)  The second reference cites paragraph 13 of the Russell Declaration again to support a point about what facts Plaintiffs "could" claim. (*Id.* at 16.)  Both of these citations to the Russell Declaration appear in the same subsection of Defendants' standing argument, which purports to focus on Plaintiffs' failure to plead.

## II.    ARGUMENT

The issue for the Court to decide here is whether Plaintiffs' Complaint survives a motion to dismiss. This should be decided on Plaintiffs' Complaint and Plaintiffs' Declarations. *Sun Sav.*

*& Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). To the extent Defendants' Motion's legal arguments pertaining the application of NEPA depend on evidence, this evidence is limited to the administrative record. *Lands Council*, 395 F.3d at 1029 (citing *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985)). Defendant is responsible for compiling the administrative record and presenting it to the reviewing court. *See Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Plaintiffs have made multiple requests for the administrative record. Defendants have not produced an administrative record, so neither Plaintiffs nor the Court have reviewed that administrative record. As the administrative record is not yet before the Court or Plaintiffs, considering Exhibits 1, 2, and 3 as if they are part of the administrative record at this juncture would be highly prejudicial to Plaintiffs because the Court's review must be based upon the entire record, not just the pieces Defendants prejudicially select for review. Section 706 of the APA provides that judicial review of agency action shall be based on "the whole record." "The whole record" includes everything that was before the agency pertaining to the merits of its decision. *Thompson,* 885 F.2d at 555-56. An incomplete record must be viewed as a "fictional account of the actual decisionmaking process." *Home Box Office, Inc. v. F.C.C.,* 567 F.2d 9, 54 (D.C. Cir. 1977); *accord Portland Audubon Soc.*, 984 F.2d at 1548 (quoting the same).

A.    **None of the narrow exceptions to the administrative record rule apply.**

In NEPA and other cases governed by the APA, courts generally limit review to the administrative record. *Lands Council*, 395 F.3d at 1029 (citing *Fla. Power & Light Co.,* 470 U.S. at 743-44). That record is typically limited to the record in existence at the time an agency decision is made. *Lands Council*, 395 F.3d at 1029-30 (citing *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.,* 100 F.3d 1443, 1450 (9th Cir.1996)). Courts should not accept "post hoc rationalizations for agency action." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 50; *accord Tri-*

*Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130-31 (9th Cir. 2012) ("[P]ost-decision information may not be advanced as a new rationalization either for sustaining or attacking an agency's decision because it inevitably leads the reviewing court to substitute its judgement for that of the agency.") (internal quotation marks and citation omitted). While Plaintiffs may submit declarations for the purpose of establishing standing, *see Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527 (9th Cir. 1997), "consideration of extra-record evidence to determine the correctness . . . [or] wisdom of the agency's decision is not permitted." *Nw. Envtl. Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006) (alteration in original) (internal quotation marks and citation omitted); *see also Fla. Power & Light Co.*, 470 U.S. at 743-44; *Asarco, Inc. v. U.S. Envtl. Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980).

The party seeking to expand the administrative record bears the burden of demonstrating that its proposed extra-record submission fits within one of the "narrow exceptions" to record-review. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007). The Ninth Circuit only recognizes four "narrow" exceptions to the administrative record rule:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Lands Council*, 395 F.3d at 1030 (citations omitted). These exceptions are "narrowly construed and applied." *Id.* None of these exceptions apply here, and Defendants have not even attempted to demonstrate that their Exhibits meet these exceptions.

Admission of Exhibits 1, 2, and 3 is not necessary to determine "whether the agency has considered all relevant factors and explained its decision." This exception cannot relate to this

Court's examination of Plaintiffs' standing, this inquiry turns solely on Plaintiffs allegations at the motion to dismiss stage. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). Further, the "relevant factors" exception only applies where supplementing the record is necessary to allow judicial review. Where "[t]he record contains sufficient information to explain how the [agency used the information before it] and why it reached its decision[,]" the exception does not apply. *Cook Inletkeeper v. U.S. E.P.A.*, 400 Fed.App'x 239, 240-41 (9th Cir. 2010). Here, because the agency has so far refused to produce an administrative record, admission currently of documents under this exception is not permitted.

The second and third exceptions do not apply because the Exhibits are not "relied" upon by the agency or needed to "explain" anything because they are immaterial to Defendants' "final agency action" and "no major federal action" arguments. The Exhibits are not cited in support of these arguments and are irrelevant to this point (*see* Rule 12(f) discussion *infra*). (*See* Mot. to Dismiss.)  Further, the Russell Declaration was created after Operation Diligent Valor began and the decision to forgo NEPA had been made, and thus irrelevant to the Court's inquiry. *See Tri-Valley CAREs*, 671 F.3d at 1130-31 ("[P]ost-decision information may not be advanced as a new rationalization either for sustaining or attacking an agency's decision because it inevitably leads the reviewing court to substitute its judgment for that of the agency.") (internal quotations marks and citation omitted). The fourth exception only applies to plaintiffs making a showing of bad faith, so it is inapplicable.

Previous attempts to use administrative record exemptions to incorporate similar materials have failed. *See Nw. Envtl. Advocates*, 460 F.3d at 1144 ("[C]onsideration of extra-record evidence to determine the correctness . . . [or] wisdom of the agency's decision is not permitted." (alterations in original) (internal quotation marks and citation omitted)); *see also*

**Page 7 -   MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION
         TO DISMISS**

*Burnside v. Office of Navajo*, No. CV-15-8233-PCT-PGR, 2017 WL 4284576, at *8 (D. Ariz. Sept. 27, 2017) (denying extra-record evidence submitted in support of plaintiffs' "legal argument that the [agency] failed to follow its own Revised Policy 9, its prior interpretations of that policy, and its past decisions under that policy."); *Greater Hells Canyon Council v. Stein*, No. 2:17-CV-00843-SU, 2018 WL 3966289, at *6 (D. Or. June 11, 2018) (denying extra-record evidence because "plaintiffs' submissions are an attempt to provide an alternate and preferred version of the facts in order to persuade the Court that the Forest Service's decision was in error. This is precisely the type of extra-record evidence that the court may not consider.")

**B.      Exhibits 1, 2, and 3 are immaterial and impertinent under Rule 12(f).**

Rule 12(f) allows the court to strike "immaterial, impertinent, or scandalous matter" in a party's pleading. While motions to strike are often not favored, the policy behind that limitation is to avoid delay. *See, e.g., Freedman v. Louisiana-Pacific Corp.*, 922 F.Supp. 377, 392-93 (D. Or. 1996). Here, Plaintiffs move to strike in an effort to promote judicial economy and fairness. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"). The Russell Declaration and Exhibits 1 and 2, read as justifications for complaints about excessive force or violation of First Amendment rights. While Plaintiffs are aware that Defendants are currently defending against litigation of such claims arising out of the same series of events, those claims are not the focus of this case, nor should they become the focus. NEPA creates a pre-decisional protective process to prevent harmful major federal actions. This case is about whether that process was properly followed for Operation Diligent Valor. Facts about what happened after Operation Diligent Valor was put into motion, or Defendants' general department-wide policies on use

force and First Amendment rights (both lacking human health or environmental health analysis), are simply irrelevant here.

Additionally, the Russell Declaration openly invites bias verging on "scandalous." The Russell Declaration uses the word "violent" or "violence" 15 times. In paragraph four, the first sentence refers to ongoing protests. (Russell Decl. ¶ 4.) The remainder of the paragraph discusses criminal activity, associating protest with "vandalism, destruction of property, looting, arson, and assault." (*Id.*) In paragraph six, the declaration then characterizes the same period of protest as "nightly criminal activity," again repeating the list of crimes from paragraph four. (*Id.* ¶ 6.) Paragraph six refers to "violent opportunists," and then in paragraph ten claims "there were hundreds of violent opportunists." (*Id.* ¶¶ 6, 10.) This is completely inappropriate under Rule 12(f), irrelevant to the NEPA decision the Defendants were required to make before commencing Operation Diligent Valor, and inaccurate. While the Russell Declaration presents the Court with a broad picture of ongoing violence, the Ninth Circuit has recognized there has been extensive evidence that "the majority of the protests have been peaceful," *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 834 (9th Cir. 2020), and it is the federal officers who have engaged in "shocking pattern of misconduct." *Id.* at 829. Again, post-decisional declarations offered to justify or support agency action are not properly before the Court. *See Nw. Envtl. Advocates*, 460 F.3d at 1144.

**C.    The Exhibits cannot aid the Court in its standing determination.**

Defendants only cite one of their three Exhibits, the Russell Declaration (Ex. 3), in arguing Plaintiffs lack of standing. First, on a motion to dismiss, the Court must take the Plaintiffs' allegations as true, so the Russell Declaration's attempt to dispute facts at this stage of the litigation is inappropriate. *Sun. Sav. & Loan Ass'n.*, 825 F.2d at 191. Second, the agency refuses to provide its records, so there is no record evidence yet before this Court for it to pass

judgment on the standing declarations. Finally, to the extent the Court finds a portion of the

Russell Declaration relevant or helpful in its standing determination, the Court should still strike

all other portions of the Russell Declaration and other Exhibits. *See Nw. Envtl. Def. Ctr.*, 117

F.3d at 1527-28 (considering extra-record affidavits not for the purpose of supplementing the

administrative record but solely for the purposes of determining standing).

<b>CONCLUSION</b>

For the reasons stated above, the Court should strike the Force Policy, First Amendment

Memo, and Russell Declaration.

DATED this 12th day of February, 2020.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF OREGON

By:    s/Kelly K. Simon
      Kelly K. Simon, OSB # 154213
      ksimon@aclu-or.org
      Telephone:  (503) 227-6928

      Jeffrey M. Edelson, OSB # 880407
      JeffEdelson@MarkowitzHerbold.com
      Nathan D. Burcham, OSB #182509
      NathanBurcham@markowitzherbold.com
      MARKOWITZ HERBOLD PC
      Telephone:  (503) 295-3085

      Nicholas S. Cady, OSB # 113463
      nick@cascwild.org
      CASCADIA WILDLANDS
      Telephone:  (541) 434-1463

      Elisabeth Holmes, OSB # 120254
      eli@willametteriverkeeper.org
      WILLAMETTE RIVERKEEPER
      Telephone:  (541) 870-7722

      Of Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE WITH L.R. 7-2(b)(2)

I certify that this brief complies with the applicable word-count limitation under L.R. 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,647 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

DATED this 12th day of February, 2021.

s/Kelly K. Simon
Kelly K. Simon
OSB #154213
Attorney for Plaintiffs

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I have made service of the foregoing Motion t Strike Defendants' Exhibits 1, 2, and 3 to Motion to Dismiss on the party/ies listed below in the manner indicated:

**Paul Gerald Freeborne**
DOJ-Enrd
ENRD, Natural Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
202-532-5271
Fax: 202-305-0506
Email: paul.freeborne@usdoj.gov

- [ ] U.S. Mail
- [ ] Facsimile
- [ ] Hand Delivery
- [ ] Overnight Courier
- [ ] Email
- [X] Electronically via USDC CM/ECF system

DATED this 12th day of February, 2021.

s/Kelly K. Simon
Kelly K. Simon
OSB #154213
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**