Jean E. Williams
Acting Assistant Attorney General
Environment & Natural Resources Division
PAUL G. FREEBORNE
Natural Resources Section
Trial Attorney
PO Box 7611
Washington, DC 20044-7611
Tel: (202) 532-5271
Fax: (202) 305-0506
paul.freeborne@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST CENTER FOR ALTERNATIVES TO PESTICIDES, WILLAMETTE RIVERKEEPER, CASCADIA WILDLANDS, NIEGHBORS FOR CLEAN AIR, AND 350PDX<br><br>   Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, a federal agency; ALEJANDRO MAYORKAS, in his capacity as Secretary, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>   Defendants. | Case No. 3:20-cv-01816-IM<br><br>**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS [ECF No. 34]** |

**INTRODUCTION**

Despite having been repeatedly advised by undersigned counsel in the LR 7-1(a) conferences that the exhibits that accompany Federal Defendants' motion to dismiss were presented on the question of jurisdiction—and not as part of the administrative record, Plaintiffs have filed a ten page motion that is based almost entirely on that incorrect premise. Plaintiffs' motion should be rejected out-of-hand. Federal Defendants have acted in accordance with well-established law in attaching documents to their motion to dismiss that bear on the jurisdictional issues before the Court. Plaintiffs have failed to carry their burden under Fed. R. Civ. P. 12(f).

**BACKGROUND**

Plaintiffs request that the Court enjoin the Department of Homeland Security (DHS) from using Riot Control Agents (RCAs), such as pepper spray, to protect federal property and personnel until the agency prepares an Environmental Impact Statement (EIS) of such agents under the National Environmental Policy Act (NEPA). Because NEPA does not contain its own waiver of sovereign immunity, Plaintiffs must establish a waiver of sovereign immunity under the Administrative Procedure Act (APA). *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1103 (9th Cir. 2007).

To proceed under the APA, Plaintiffs must challenge "agency action" that comes within the definition of that term in the APA, 5 U.S.C. § 551(13)—and the challenged "agency action" must be reviewable "final agency action," *id*. § 704. It is well-established, and perhaps even agreed to by the parties, that routine law enforcement activity is not "agency action" as that term is used in the APA, much less "final agency action" subject to APA review. Federal Defendants offered the DHS's Use of Force Policy (ECF No. 30-1) and First Amendment policy (ECF No.

FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS – 1

30-2) that Plaintiffs seek to strike, which are publicly available on DHS's website,[1] to show that DHS's use of RCAs is routine and subject to well-established policies. And the Declaration from the Federal Protective Service's Regional Director, Gabriel Russell (ECF No. 30-3) ("Russell Declaration"), which Plaintiffs also seek to strike, was offered on Article III standing, and is now especially relevant on the question of "agency action" given Plaintiffs' response to Federal Defendants' motion to dismiss. See Pls.' Resp. to Fed. Defs.' Mot. to Dismiss, ECF No. 35.

Plaintiffs' response to Federal Defendants' motion to dismiss expands upon a theory suggested in the Complaint, but not previously fleshed out: that the "agency action" here is somehow a new action authorized by the now-expired provisions of Section 5 of Executive Order 13,993, Protecting American Monuments, Memorials and Statues, 85 Fed. Reg. 40,081 (June 26, 2020) ("Exec. Order 13,993" or "the Executive Order"), and a grouping of activities that Plaintiffs choose to "refer" to for litigation purposes "individually and collectively as the implementation of Operation Diligent Valor." See ECF No. 35 at 9. Federal Defendants will not repeat in detail what is set forth in their reply in support of the Motion to Dismiss, but, as relevant here, Section 5 of the Executive Order simply recognized that DHS could provide additional law enforcement personnel to "assist" other federal agencies in the protection of federal buildings "as appropriate and consistent with applicable law." Exec. Order 13,993,

---

[1] See DHS Policy Statement 044-05, Department Policy on the Use of Force (Sept. 7, 2018), https://www.dhs.gov/sites/default/files/publications/mgmt/law-enforcement/mgmt-dir_044-05-department-policy-on-the-use-of-force.pdf (last visited on March 12, 2021); DHS May 17, 2019 Memorandum, Information Regarding First Amendment Protected Activities, https://www.dhs.gov/sites/default/files/publications/info_regarding_first_amendment_protected_activities_as1_signed_05.17.2019.pdf  (last visited on March 12, 2021)

FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS – 2

85 Fed. Reg. at 40,083.  Already existing "applicable law" authorized individual DHS law enforcement officers and agents to use RCAs to protect federal property and personnel.

When federal buildings and personnel are attacked, DHS is authorized by statute to "protect the buildings, grounds, and property that are owned, occupied, or secured by the Federal Government." 40 U.S.C. § 1315(a).  Already existing "applicable law" also authorizes DHS law enforcement officers or agents to use force, including RCAs and other munitions, to "enforce Federal laws and regulations for the protection of persons and property." *Id*. § 1315(b)(2)(A).

Despite the fact that DHS has long-standing regulations implementing this statutory authority, *see* ECF No. 30 at 11-12 (setting forth the regulations) and policies (*see* ECF Nos. 30-1 and 30-2) governing routine law enforcement activity set forth in 40 U.S.C. § 1315(a), Plaintiffs refuse to concede that DHS's use of RCAs is long-standing, routine, and guided by these policies.  The policies are thus offered to further demonstrate what appears to be a disputed jurisdictional point under the APA, and not to somehow subvert the rules of administrative record review, as Plaintiffs contend in seeking to strike these policies under Rule 12(f).

The Russell Declaration that Plaintiffs also seek to strike (ECF No. 30-3) likewise explains that the name given to that deployment in Portland ("Operation Diligent Valor"), which Plaintiffs seek to mischaracterize in an attempt to identify some activity that would constitute "agency action" under the APA, was instead the "designat[ion]" DHS used to describe the routine deployment of DHS law enforcement personnel under "40 U.S.C. § 1315." *See* ECF No. 30-3, ¶ 8.  The Declaration was also offered on the question of standing—to rebut certain allegations made by Plaintiffs' members that were not based in fact, *see* ECF No. 30 at 23 n.1, and to set forth a timeline of events that was relevant to Federal Defendants' overarching

FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS – 3

standing arguments. *Id*. at 14-18. Both the policies and the Russell Declaration may appropriately be considered in resolving the jurisdictional arguments before the Court.

## STANDARD

As explained in Federal Defendants' opening memorandum in support of their motion to dismiss, a court may consider material outside of the pleadings related to jurisdictional issues without converting the motion to dismiss to a motion for summary judgment, as no presumption of truthfulness attaches to Plaintiffs' jurisdictional allegations regarding standing and APA jurisdiction. *See* ECF No. 30 at 19 (citing *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)).

Rule 12(f) sets forth a standard for striking pleadings from the record. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have recognized that motions to strike are "often used as delaying tactics," and unfortunately abused by parties in litigation and sometimes a waste of time. *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 392-93 (D. Or. 1996) (internal citation omitted). Motions to strike are thus disfavored, and granted only in exceptional situations—upon a showing that the information that a party seeks to strike is "unworthy of consideration" and upon a showing of "prejudice." *Id*. at 393 (internal citation omitted).

## ARGUMENT

Rather than showing why their motion to strike should be granted, Plaintiffs have proven the unfortunate reality that motions to strike are often abused and, thus, disfavored by courts.

Plaintiffs' motion is devoted to arguing that Federal Defendants are attempting to improperly create an administrative record or subvert the rules of administrative record review, when that is not the case. Federal Defendants have instead offered DHS's publicly-available

FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS – 4

policies and Mr. Russell's declaration to show that the use of force is routine law enforcement activity that falls well outside of the "agency action" defined in the APA, and well outside of "final agency action" that is reviewable under the APA. Mr. Russell's declaration is also offered, as explained, on the question of Article III standing, which is also a threshold jurisdictional question.[2]

Federal Defendants have acted well within their rights in presenting these jurisdictional materials to the Court in an APA case. *See Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527-28 (9th Cir. 1997) (recognizing that a party in a matter governed by the administrative record may appropriately offer materials outside of the record on jurisdictional questions, such as standing and on other threshold jurisdictional issues). Plaintiffs, meanwhile, have failed to carry their burden of showing that these materials are "unworthy of consideration" under Rule 12(f). *Freedman*, 922 F. Supp. at 392-93 (internal citation omitted). The authority that Plaintiffs cite in their motion recognizes, like the authority in Federal Defendants' opening memorandum, that materials outside of the Complaint should be considered in deciding whether Plaintiffs "satisfy a prerequisite to this [C]ourt's jurisdiction." *Nw. Envtl. Def. Ctr.,* 117 F.3d at 1528; *see* Pls.'Mot. to Strike Defs.' Exs. 1, 2 & 3, ECF No. 34 at 6 (citing *Nw. Envtl. Def. Ctr.,* 117 F.3d at 1527). Plaintiffs' own authority, thus, completely undercuts their arguments.

Here, moreover, DHS's use of force policy and First Amendment policy are publicly available. They are thus subject to judicial notice, in any event. *See Juliana v. United States*, No. 6:15-cv-01517-AA, 2018 WL 9802138, at *1 (D. Or. Oct. 15, 2018) (recognizing that

---

[2] It is true that the timeline set forth in Mr. Russell's declaration has now been overtaken by events subsequent to the filing of Federal Defendants' motion. But that does not make the declaration "unworthy of consideration" or improper when it was filed.

FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS – 5

judicial notice under Fed. R. Evid. 201 may be taken of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (alteration in original ) (quoting *Callister v. Owen*, No. 1:16-cv-00474-D, 2017 WL 1499224, at *2 (D. Idaho Apr. 25, 2017)).

Finally, Plaintiffs cannot show that they are prejudiced by the Federal Defendants' submission of jurisdictional materials. Ninth Circuit authority recognizes that such materials are appropriately before the Court in determining Plaintiffs "satisfy a prerequisite to this [C]ourt's jurisdiction" under the APA and Article III. *Nw. Envtl. Def. Ctr.,* 117 F.3d at 1528.

## CONCLUSION

Plaintiffs' motion to strike should accordingly be denied. Exhibits 1, 2, and 3 are appropriately before the Court. Plaintiffs do not and cannot carry their burden under Rule 12(f).

Dated: March 15, 2021

Jean E. Williams
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Paul G. Freeborne*
PAUL G. FREEBORNE
Natural Resources Section
Trial Attorney
PO Box 7611
Washington, DC 20044-7611
Tel: (202) 532-5271
Fax: (202) 305-0506
paul.freeborne@usdoj.gov