**Jeffrey M. Edelson, OSB # 880407**
JeffEdelson@MarkowitzHerbold.com
**Nathan D. Burcham, OSB #182509**
NathanBurcham@markowitzherbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tel:  (503) 295-3085
Fax:  (503) 323-9105

**Kelly K. Simon, OSB # 154213**
ksimon@aclu-or.org
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF OREGON
PO Box 40585
Portland, OR  97240
Tel:  (503) 227-6928

**Nicholas S. Cady, OSB # 113463**
nick@cascwild.org
CASCADIA WILDLANDS
PO Box 10455
Eugene, OR  97440
Tel:  (541) 434-1463
Fax:  (541) 434-6494

**Elisabeth Holmes, OSB # 120254**
eli@willametteriverkeeper.org
WILLAMETTE RIVERKEEPER
PO Box 293
Eugene, OR  97440
Tel:  (541) 870-7722

   Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST CENTER FOR ALTERNATIVES TO PESTICIDES, WILLAMETTE RIVERKEEPER, CASCADIA WILDLANDS, NEIGHBORS FOR CLEAN AIR, AND 350PDX,<br><br>         Plaintiffs,<br><br>  vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his capacity as Secretary, U.S. Department of Homeland Security,<br><br>         Defendants. | Case No. 3:20-cv-01816-IM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS** |

**Page 1 -**  **PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS**
    **1, 2, AND 3 TO MOTION TO DISMISS**

Plaintiffs Northwest Center for Alternatives to Pesticides, Willamette Riverkeeper, Cascadia Wildlands, Neighbors for Clean Air, and 350PDX (collectively, "Plaintiffs") respectfully submit this Reply in support of their Motion to Strike Defendants' Exhibit 1 ("Force Policy"), Exhibit 2 ("First Amendment Memo"), and Exhibit 3 ("Russell Declaration").

## LEGAL STANDARD

Defendants' Response to Plaintiffs' Motion to Strike posits that Defendants present Exhibits 1, 2, and 3 as permissible materials outside of the pleadings, which the Court may consider when assessing jurisdictional issues. *Rosales v. U.S.*, 824 F.2d 799, 803 (9th Cir. 1987). Plaintiffs do not dispute that extra-record evidence may be considered for threshold jurisdictional questions.[1] However, Rule 12(f) still remains the standard, and the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see* Dkt. 34 at 3, 8-10. The Ninth Circuit has stated that *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) is the standard of review for motions to strike pursuant to Rule 12(f). *See Hahn v. Waddington*, 782 Fed. Appx. 607, 609 (Mem) (9th Cir. 2019) (citing *Whittlestone* as the "standard of review for motions to strike pursuant to Federal Rule of Civil Procedures 12(f)."). Under *Whittlestone,* "immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone*, 618 F.3d at 973 (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 at 706-07 (1990) ("Wright & Miller")); *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *reversed on other grounds*, 510 U.S. 517 (1994); *see also Unigestion Holding, S.A. v. UPM Technology, Inc.*, 305 F.Supp. 3d 1134, 1140 (D. Or. 2018).

---

[1] Should Defendants' eventual release of the Administrative Record include Exhibits 1, 2, or 3, Plaintiffs reserve the right to challenge the documents as improperly included not subject to an applicable exception.

**Page 2 -   PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS**

Rule 12(f) impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 973 (citing Wright & Miller § 1382 at 711); *Unigestion Holding*, 305 F.Supp. 3d at 1140.² While not explicitly part of Rule 12(f), typically a moving party must also show prejudice to succeed on a motion to strike. *See, e.g., Idaho Sporting Cong. v. Alexander*, 45 Fed. Appx. 788 (9th Cir. 2002); Wright & Miller § 1382 n.12.

Defendants' reliance on *Freedman* inaccurately states the legal standard. The *Freedman* standard provides that where allegations that a party seeks to strike are "so unrelated" to a non-movant's claims as to be "unworthy of consideration" and prejudicial, Courts may grant a motion to strike. *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 392-93 (D. Or. 1996). Requiring an allegation be "so unrelated" to claims is arguably a higher standard than Rule 12(f)'s "immaterial" or "impertinent" standard. Plaintiffs did not find any District of Oregon or Ninth Circuit cases within the last 25 years citing to *Freedman* for a motion to strike analysis, as courts rely on Rule 12(f)'s "plain meaning" to analyze motions to strike. *See, e.g., Whittlestone, Inc. v. Handi-Craft Co.* 618 F.3d 970, 973 (9th Cir. 2010) ("Our interpretation of the Federal Rules of Civil Procedure beings with the relevant rule's 'plain meaning.'") (citation omitted). Indeed, *Whittlestone, Hahn,* and *Unigestion Holding* make it clear that Rule 12(f)'s language is the correct legal standard to apply here.

## REPLY ARGUMENT

**I.      Exhibits untethered to Defendants' arguments should be stricken under Rule 12(f).**

Defendants' failure to rely on or reference Exhibit 1 or 2 in their Motion to Dismiss, or to rely on Exhibit 1 or 2 via the Russell Declaration (Exhibit 3), or in any other manner, illustrates the immateriality and impertinency of these documents. Absurdly, Defendants refer to Exhibits

---

² The current Wright & Miller citations is 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. Oct. 2020).

**Page 3 -    PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS
             1, 2, AND 3 TO MOTION TO DISMISS**

1, 2, and 3 as "jurisdictional materials." But Exhibits 1 and 2 are free-floating and completely untethered to Defendants' Fed. R. Civ. P. 12(b)(1) and (12)(b)(6) Motion to Dismiss arguments, including Article III standing. Neither the Force Policy nor the First Amendment Memo detract from Plaintiffs' injuries under NEPA, or Plaintiffs' right of redressability as alleged in the Complaint and the declarations.[3] Defendants do not dispute causation. Exhibits 1 and 2 do not address any substantial factual or legal issue with respect to Defendants' Motion to Dismiss, and do not pass Fed. R. Civ. P. 12(f) muster. Accordingly, Exhibits 1 and 2 should be stricken.

Exhibit 3 should also be stricken as impertinent and immaterial to Plaintiffs' standing. In their Response to Plaintiffs' Motion to Strike, Defendants assert they rely on the Russell Declaration for purposes of their standing argument, but Defendants fail to acknowledge that their standing contentions hinge on three dates of the many that Plaintiffs' members attended protests. (Dkt. 30-3 at 3, Para. 14). Further, Defendants' Motion to Dismiss relies on a minimal portion of the Russell Declaration for only a very limited and isolated portion of its jurisdictional argument, which Plaintiffs already demonstrated is unnecessary and immaterial to the issue of standing because they attended protests on various dates *other* than just the three days identified by the Russell Declaration. *See* Decl. Bell (July 17, 22, 29); Decl. Sharaf ("July"); Decl. Leithauser (July 21, 24, 26); Decl. Teigen (July 20, 23); Decl. Namkoong (July 22, 25); *see also,* Motion to Dismiss at 16 (claiming Defendants only used riot control agents on 3 occasions since July 2020) and Opposition to Motion to Dismiss at 10, 11, 12, 16; Supp. Decl. Simonis; Decl.

---

[3] Defendants retroactively attempt to shoe-horn in an argument in their opposition to Plaintiffs' Motion to Strike that "[a]lready existing 'applicable law' also authorizes DHS law enforcement officers or agents to use force, including RCAs and other munitions." Dkt. 46-4. It remains impertinent and irrelevant to the questions of law in this case that officers had authority to use force. This is not a First Amendment or Fourth Amendment case. It is a NEPA case. Defendants' own confusion shows that inclusion of such material could confuse the issues of the case and prejudice Plaintiffs.

**Page 4 -   PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS
             1, 2, AND 3 TO MOTION TO DISMISS**

Sharaf (confirming Defendants' subsequent use of riot control agents in January 2021). Thus, Exhibit 3 should also be treated as immaterial and impertinent for the Court's evaluation of Article III standing. As Plaintiffs note in their Motion to Strike, even if the court finds certain sections of the Russell Declaration pertinent to standing, the rest should be stricken.

Defendants also assert that the Russell Declaration is offered to show that Defendants' use of force is routine and outside the scope of reviewable agency action, (Dkt. 46 at 3 (referencing Dkt. 30-3 Para. 8)), but Defendants' Motion to Dismiss makes absolutely no reference to the Russell Declaration when discussing agency action.

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *See Whittlestone*, 618 F.3d at 973. Where Defendants' own legal strategy renders Exhibits 1, 2, or 3 immaterial and impertinent, the Court should grant Plaintiffs' motion to strike.

II.     ***Freedman* standard is inapplicable, but nevertheless, the exhibits are "so unrelated" that they are "unworthy of consideration" and should be stricken.**

As referenced above, Defendants' proposed use of the *Freedman* standard has not been relied upon by the Ninth Circuit or the District of Oregon in 25 years. In *Freedman,* the District Court held that motions to strike should be granted where an allegation is "so unrelated to non-movant's claims as to be unworthy of consideration and show prejudice by the presence of such the allegations in the pleading." *Freedman,* 922 F. Supp. 377 at 392-93 (citing *In re: Chambers Dev. Securities Litigation* 848 F. Supp. 602, 617 (W.D. Pa. 1994) (citing 5A Wright & Miller Federal Practice and Procedure §§ 1380-1381 (2d ed. 1990)). Regardless of *Freedman's* lack of applicability here, Plaintiffs' motion to strike satisfies the *Freedman* standard.

Page 5 -   PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS
            1, 2, AND 3 TO MOTION TO DISMISS

As discussed above, Exhibits 1, 2, and 3 are unrelated to Plaintiffs' legal claim that Defendants failed to conduct a NEPA analysis, nor do they relate to Plaintiffs' standing. Exhibit 3 (Russell Declaration) endeavors to address standing by cherry-picking three dates – of many – that Plaintiffs' members attended protests where Defendants allegedly used riot control agents against the public. But the Russell Declaration is insufficient to rise to the level of being *so related* to Plaintiffs' overall standing claim that it should survive a motion to strike. Plaintiffs' standing depends on a multitude of factors: not just attending protests, but lingering health effects, access to information, and harms to the environment. That one sentence of the entire Russell Declaration might relate to a minor component of Plaintiffs' standing, pales in comparison to the 18 standing declarations submitted to date demonstrating regular and repeated attendance at protests where federal agents used riot control agents, and is so unrelated to Plaintiffs' claims and standing arguments that Exhibit 3 is unworthy of judicial consideration. Were the Court to rely on any potentially relevant portion of Exhibit 3, it should strike the rest.

### III.    Prejudice

In the context of Rule 12(f) motions to strike, where a moving party establishes prejudice, the Court may strike the prejudicial materials. *See, e.g., Idaho Sporting Cong. v. Alexander*, 45 Fed. Appx. 788 (9th 2002); Wright & Miller § 1382 n.11 (case citations exemplifying Rule 12(f) "prejudice" omitted). Defendants' filing with the Court of Exhibits 1, 2, and 3 and failure to use these records in its Motion to Dismiss can only be viewed as an unsubtly designed effort to, at a minimum, cast a beneficial light that engenders sympathy for Defendants' challenged actions. These Exhibits do not relate to Plaintiffs' Article III standing—they do not address Plaintiffs' injuries, causation (which Defendants do not contest), or redressability. Defendants' Response only makes a conclusory statement that the information offered is not prejudicial (Dkt. 46 at 6),

but Defendants fail to offer any support for that conclusion. Defendants do not explain how documents describing their use of force and First Amendment policies and a self-serving declaration are anything *but* submitted to the Court in hopes that the trier of fact will draw unwarranted inferences. *See, e.g., Guerrero v. Haliburton Energy Servs., Inc.*, 231 F.Supp.3d 797, 802 (E.D. Cal. 2017) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." (citations omitted)).[4]

As Plaintiffs' Motion to Strike describes, the Russell Declaration, in particular, is laden with language that invites impermissible bias toward Plaintiffs and presents with excessive farce a portrayal of events that even the Ninth Circuit has disputed. Dkt. 34-9 (describing the declaration and citing *Index Newspapers LLC v. U.S. Marshals Serv.,* 977 F.3d 817, 834 (9th Cir. 2020)). While spending significant time in the Russell Declaration discussing violence and property damage, at no point do Defendants relate that to *Plaintiffs'* presence at the protests or the procedural, environmental, and human health injuries for which *Plaintiffs* seek a remedy. It is almost as if Defendants largely copy-and-pasted this Russell Declaration from the multiple constitutional challenges Defendants are defending in this Court and others instead of tailoring the declaration to the arguments in this case. *See, e.g., Wise et. al. v. City of Portland et. al., Case No. 3:20-cv-01193-IM* (Dkt. 70-1); *Index Newspapers et al. v. City of Portland et al, Case No.*

---

[4] Defendants remark to the Court that they "repeatedly advised" Plaintiffs' counsel that the exhibits were presented solely for jurisdictional purposes. Dkt 46-2. It is true Defendants made that contention. However, Plaintiffs' concerns about prejudice, in particular, as well as concerns about irrelevance and impertinence, dissuaded Plaintiffs' counsel from agreeing that a simple motion to the court limiting application of Exhibits 1, 2, and 3 would protect Plaintiffs' interests in this case.

**Page 7 -   PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS**

*3:20-cv-01035-SI* (Dkt 101-5). The content of the Declaration invites unwarranted inferences about Plaintiffs' behavior at the protests, suggesting generalized behavior of some other individuals should be attributed to Plaintiffs, which is prejudicial to Plaintiffs and irrelevant and immaterial to Defendants' NEPA analysis. The content of the Declaration also risks tainting the Court's impression of the Plaintiffs' motives in filing this case. Indeed, Defendants' policies in Exhibit 1 and 2 confusingly focus the Court on constitutional matters in a case that is clearly about Defendants' failure to comply with environmental and human health statutory requirements. *See, e.g.,* Footnote 3, supra. Admission of Exhibits 1, 2, or 3 for jurisdictional or merits purposes would prejudice and distract this Court.

Plaintiffs' case is about the process by which Defendants decided to commence Operation Diligent Valor, what that would entail, and its human health and environmental impacts. Defendants remain subject to the minimum legal requirements of NEPA, and Defendants' failures to consider the "human environment" violated Plaintiffs' rights under NEPA and the APA. This case is not about whether subsequent conditions or justifications might shield Defendants from some liability for other types of claims they may now face after their implementation of Operation Diligent Valor. Thus, irrelevant, impertinent attempts at retroactive justifications for failure to follow NEPA and prejudicial information should not be permitted here. The fact that Defendants submitted not just one of these documents, but three of them, openly invites bias into the Court's analysis of standing but also the merits.

/ /

/ /

/ /

/ /

**Page 8 -   PLAINTIFFS' REPLY TO MOTION TO STRIKE DEFENDANTS' EXHIBITS 1, 2, AND 3 TO MOTION TO DISMISS**

## CONCLUSION

For the reasons stated above, the Court should strike Exhibits 1, 2, and 3 to Defendants' Motion to Dismiss (the Force Policy (Dkt. 30-1), First Amendment Memo (Dkt. 30-2), and Russell Declaration (Dkt. 30-3)).

DATED this 29th day of March, 2021.

                            AMERICAN CIVIL LIBERTIES UNION
                            FOUNDATION OF OREGON

By:   s/Kelly K. Simon
        Kelly K. Simon, OSB # 154213
        ksimon@aclu-or.org
        AMERICAN CIVIL LIBERTIES UNION
        FOUNDATION OF OREGON
        Telephone: (503) 227-6928

        Jeffrey M. Edelson, OSB # 880407
        JeffEdelson@MarkowitzHerbold.com
        Nathan D. Burcham, OSB #182509
        NathanBurcham@markowitzherbold.com
        MARKOWITZ HERBOLD PC
        Telephone: (503) 295-3085

        Nicholas S. Cady, OSB # 113463
        nick@cascwild.org
        CASCADIA WILDLANDS
        Eugene, OR 97440
        Telephone: (541) 434-1463

        Elisabeth Holmes, OSB # 120254
        eli@willametteriverkeeper.org
        WILLAMETTE RIVERKEEPER
        Telephone: (541) 870-7722

        Of Attorneys for Plaintiffs